# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| NORTHERN IRELAND ENTERPRISES LLC, | § | Case No. 25-11889 (SMR) |
| | § | |
| Debtor. | § | |
| | § | |

### CITY BANK'S AGREED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, HOMER J. THORNBERRY FEDERAL JUDICIAL BUILDING, 930 SAN JACINTO BLVD., SUITE 322, AUSTIN, TX 78701. IF A TIMELY RESPONSE IS NOT FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

City Bank ("City Bank"), a secured creditor in the above-captioned bankruptcy case, hereby files this *Motion for Relief from the Automatic Stay* (the "Motion"), and respectfully states as follows:

### Preliminary Statement

1. City Bank holds a claim, secured by first liens against the real property located at 4000 E Palm Valley Blvd., Round Rock, TX 78665 (the "Property"). City Bank engaged in meaningful discussions with the professionals employed by Ron Satijia, chapter 7 trustee (the "Trustee"), regarding the Trustee's proposed sale process with respect to the Property. As set forth in the Trustee's bid procedures motion filed at Docket No. 24 on January 15, 2026

(the "Bid Procedures Motion"), the Trustee agrees to lift the stay with respect to City Bank if no qualified bids are received by March 13, 2026, or if no sale is consummated that pays City Bank's secured claim by April 13, 2026.[1]

2. This Motion seeks entry of a proposed agreed order attached hereto as **Exhibit A** (the "Agreed Order"), setting forth terms upon which the automatic stay shall be modified and terminated, consistent with the terms of the Trustee's proposed bid procedures.

## Jurisdiction and Venue

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §157. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

4. The bases for the relief requested herein are sections 105 and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-1 of the *Local Court Rules of the United States Bankruptcy Court for the Western District of Texas* (the "Local Rules").

## Background

5. On December 1, 2025 (the "Petition Date"), Northern Ireland Enterprises LLC (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. On June 11, 2021, City Bank entered into a loan agreement (the "Loan Agreement") with the Debtor, in respect of which the Debtor executed a promissory note (the "Note") in the

---

[1] The total secured debt owed to City Bank will be no less than $4,247,139.15, assuming the Trustee pursues the sale closing by such date. City Bank has agreed, pursuant to a prepetition Third Party Lender Agreement with the 504 lender (guaranteed by the U.S. Small Business Administration), that its lien shall be subordinated with respect to any default charges, which City Bank estimates will be approximately $187,706.99, assuming a sale closing under the Bid Procedures Motion. For ease of calculation, City Bank's first priority lien in the Property will be at least $4,075,834.26, excluding such default charges, interests, and fees otherwise payable to City Bank under the prepetition loan agreemnts.

4918-4221-9649                    2

original principal amount of $7,695,849.00. To secure payment on the Note, the Debtor also executed, among other documents, a deed of trust with assignment of rents (the "Deed of Trust") encumbering the real property located at 4000 E Palm Valley Blvd., Round Rock, TX 78665, and granting City Bank a first lien on the Property (collectively with the Loan Agreement, the Note, and the Deed of Trust, the "Loan Documents").

7. In August of 2025, one or more Events of Default had occurred and were continuing under the Loan Documents, and the indebtedness evidenced by the Note and secured by the Loan Documents had matured and were fully due and payable, giving City Bank the immediate legal right to exercise any and all rights and remedies it had under the Loan Documents. The Debtor requested that City Bank forbear for a limited period from exercising its rights and remedies in order to permit the Debtor an opportunity to pursue a sale of the Property.

8. Accordingly, on August 29, 2025, City Bank entered into a forbearance agreement (the "Forbearance Agreement") with the Debtor, expressly providing the Debtor with one month in which it could pursue a sale of the Property, with the option to extend the Forbearance Agreement for an additional month if necessary.

9. On September 29, 2025, City Bank entered into the First Amendment to the Forbearance Agreement (the "Forbearance Extension") with the Debtor, agreeing to exercise the one-time extension of the forbearance period through October 29, 2025. The Debtor was unable to secure a buyer for the Property before the Petition Date.

10. City Bank posted the Property for December foreclosure before the Petition Date, which sale was set to commence on December 2, 2025. The Debtor commenced the instant Chapter 7 Case one day prior.

11. As of August 29, 2025, the payoff amount on the Note was $4,023,462.18. This amount did not account for legal fees and expenses incurred since that date with respect to the Debtor. As noted above, the outstanding indebtedness owed to City Bank under the prepetition loan agreements is expected to be approximately $4.25 million, assuming a closing by April 13, 2026.[2] That amount includes approximately $187,707.00 in default charges, which is payable by the Debtor (or its guarantors), but City Bank has agreed to subordinate its lien to the SBA lender for such amounts. City Bank reserves all rights to seek an award or allowance of such fees and expenses in accordance with the Loan Documents of the Debtor, the Bankruptcy Code, and other applicable law.

## Terms of Agreed Order

12. The proposed terms of the Agreed Order are as follows:

   a. In the event that no Qualified Bid (as defined in the Bid Procedures) is received by the Trustee prior to the Final Qualified Bid Deadline of March 13, 2026, at 5:00 pm CT, City Bank or the Trustee shall promptly file with this Court a notice advising the Court that no such Qualified Bid was received. Upon the filing of such notice and without need for further order of this Court, the automatic stay shall be modified to authorize City Bank to post the Property and City Bank's other collateral for foreclosure and pursue any non-judicial rights and remedies permitted under applicable non-bankruptcy law and the applicable loan agreements. Unless otherwise ordered by the Court before 10:00 am Central Time on April 7, 2026, for cause shown by the Trustee after notice and a hearing on no less than 48 hours' notice, City Bank may proceed with the foreclosure of the Property and take any other actions necessary under applicable non-bankruptcy law.

   b. In the event that no sale of the Property and City Bank's other personal property collateral is approved by order of this Court and consummated on or before April 13, 2026, the automatic stay shall be terminated with respect to City Bank, the Property, and any other collateral of City Bank in all respects without further order of this Court.

---

[2] The actual amount will depend on any reasonable attorney's fees incurred by City Bank during the course of this chapter 7 case, which counsel for City Bank will provide to counsel for the Trustee prior to any sale closing or as otherwise reasonably requested by the Trustee.

**Reservation of Rights**

13. City Bank specifically reserves the right to supplement or amend this Motion. Nothing herein is intended to relinquish or waive any right or remedy against the Debtor or any party.

WHEREFORE, City Bank respectfully requests that the Court enter an order (i) granting relief from the automatic stay on the terms of the proposed Agreed Order attached hereto as **Exhibit A**; and (ii) granting such other and further relief as the Court deems just and equitable.

Respectfully submitted this 27th day of January, 2026.

        **GRAY REED**

        By:  */s/ Aaron M. Kaufman*
            Aaron M. Kaufman
            Texas Bar No. 24060067
        1601 Elm Street, Suite 4600
        Dallas, Texas 75201
        Telephone:  (214) 954-4135
        Facsimile:  (214) 953-1332
        Email:  akaufman@grayreed.com

        *Counsel to City Bank*

**Certificate of Conference**

I certify that I conferred with Stephen Roberts, counsel for the Chapter 7 Trustee, extensively regarding the relief sought herein, and believe based on these discussions that the relief requested herein is agreed to by the Chapter 7 Trustee.

        */s/ Aaron M. Kaufman*
        Aaron M. Kaufman

## Certificate of Service

      I certify that on January 27, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and by electronic mail to the following parties:

**Debtor's Counsel:**
Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th St. #250
Austin, TX 78703
Via email to:
jong@munsch.com

**Chapter 7 Trustee:**
Ron Satija
PO Box 660208
Austin, TX 78766
Via email to:
rsatija@haywardfirm.com

**U.S. Small Business Administration:**
Steven Bass
United States Attorneys Office
903 San Jacinto Blvd, Suite 334
Austin, TX 78701
Via e-mail to:
Steven.Bass@usdoj.gov

**Chapter 7 Trustee's Counsel:**
Stephen Roberts
2701 Wooldridge Dr.
Austin, TX 78703
Via email to:
sroberts@srobertslawfirm.com

                                                */s/ Aaron M. Kaufman*
                                                Aaron M. Kaufman

# Exhibit A

# Proposed Agreed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| NORTHERN IRELAND ENTERPRISES LLC, | § § | Case No. 25-11889 (SMR) |
| Debtor. | § § § | |

**AGREED ORDER GRANTING CITY BANK'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion (the "Motion") of City Bank ("City Bank") for entry of an order (this "Order") seeking to modify the automatic stay of section 362 of the Bankruptcy Code as set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion

4918-4221-9649

establish good cause to grant the relief requested in the Motion based on the agreements represented under Bankruptcy Rule 4001(d); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Consistent with the Bid Procedures approved by this Court at Docket No. [●] (the "Bid Procedures Order"),[1] the Court hereby modifies the automatic stay with respect to City Bank, the Property, and City Bank's additional collateral, as follows:

    a. In the event that no Qualified Bid is received by the Trustee prior to the Final Qualified Bid Deadline of March 13, 2026, at 5:00 pm CT, City Bank or the Trustee shall promptly file with this Court a notice advising the Court that no such Qualified Bid was received. Upon the filing of such notice and without need for further order of this Court, the automatic stay shall be modified to authorize City Bank to post the Property and City Bank's other collateral for foreclosure and pursue any non-judicial rights and remedies permitted under applicable non-bankruptcy law and the applicable loan agreements. Unless otherwise ordered by the Court before 10:00 am Central Time on April 7, 2026, for cause shown by the Trustee after notice and a hearing on no less than 48 hours' notice, City Bank may proceed with the foreclosure of the Property and take any other actions necessary under applicable non-bankruptcy law.

    b. In the event that no sale of the Property and City Bank's other personal property collateral is approved by order of this Court and consummated on or before April 13, 2026, the automatic stay shall be terminated with respect to City Bank, the Property, and any other collateral of City Bank in all respects without further order of this Court.

3. City Bank is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Bid Procedures Order, as applicable.

4918-4221-9649

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# # #

Agreed to in form and substance by:

**GRAY REED**
By: /s/ Aaron M. Kaufman
Aaron M. Kaufman
Texas Bar No. 24060067
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: akaufman@grayreed.com

*Counsel to City Bank*

and

By: /s/ Stephen A. Roberts (with permission)
Stephen A. Roberts
Texas Bar No. 17019200
2701 Wooldridge Dr.
Austin, Texas 78703
Telephone: (512) 431-7337
Email: sroberts@srobertslawfirm.com

*Counsel to Ron Satija, Chapter 7 Trustee*

4918-4221-9649